### GRIFFIN v. ZERBST, Warden.
### No. 1404.

Circuit Court of Appeals, Tenth Circuit.
May 11, 1936.

Ralph Gore, of Wichita, Kan., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from a judgment denying an application for habeas corpus.

On August 11, 1933, Griffin, the petitioner, was duly sentenced to confinement in the United States Penitentiary at Leavenworth, Kansas, for a term of three years. His sentence began August 12, 1933. His "good time" allowance under 18 U.S.C.A. § 710, for faithful observance of rules was 252 days.[1] On October 11, 1934, petitioner was transferred to the United States Hospital for Defective Delinquents at Springfield, Missouri. On December 6, 1934, he was charged by the superintendent of that institution with an attempt to escape and the following administrative finding was made:

"12–6–1934 At USHDD:

"Violation of prison rules: Attempt to escape; at 5:30 PM 12–6–34. Tom Griffin and Ed Steelman, No. 224-PCS had cut the three barbed guard wires above the wrought iron fence at the first post south of the power house & above prisoners were climbing over fence. They had leaned a railroad tie against fence to climb upon (R. B. McGhee, Guard).

"Action: Forfeit all statutory good time & all accumulated Camp good time to date. (D. A. Remer, Asst. Supt. Prison Camp)."

Petitioner was placed in solitary confinement for twenty-two days and then was returned to the United States Penitentiary at Leavenworth.

On August 26, 1935, petitioner was charged by indictment returned in the District Court of the United States for the Western District of Missouri with attempt to escape. On October 14, 1935, the criminal charge was dismissed on motion of the United States.

On December 19, 1935, petitioner applied to the warden of the United States Penitentiary at Leavenworth for restoration of his "good time" allowance and was advised by the warden it would not be restored.

On January 8, 1936, petitioner filed his complaint for a writ of habeas corpus, based on the proposition that he was unlawfully deprived of his "good time" allowance and therefore illegally restrained of his liberty. He did not allege or offer to prove that the administrative finding was arbitrary, capricious or fraudulent, or that he did not in fact attempt to escape from the hospital at Springfield, but asserted the dismissal of the criminal charge refuted the truth of the administrative finding. We do not agree. Other reasons than want of guilt may have prompted the United States to dismiss the charge. The Attorney General or his representative, on full consideration of the facts, may have regarded the loss of "good time" and the solitary confinement, sufficient punishment.

Furthermore, petitioner has an administrative remedy under 18 U.S.C.A. § 711, by applying to the Attorney General for restoration of his "good time" allowance, which he has not exhausted.

In his reply brief counsel for petitioner asserts the "good time" was not ordered forfeited by the "good time board," but the assertion is not supported either by averment or proof in the record and the order of forfeiture is presumptively regular. In re Terrill (C.C.A.8) 144 F. 616, 622; Lewis v. U. S., 279 U.S. 63, 73, 49 S.Ct. 257, 73 L.Ed. 615; U. S. v. Royer, 268 U.S. 394, 398, 45 S.Ct. 519, 69 L.Ed. 1011; Nofire v. U. S., 164 U.S. 657, 660, 17 S.Ct. 212, 41 L.Ed. 588.

The judgment is affirmed.

---

[1] Section 710, supra, reads as follows:

"Each prisoner who has been or shall hereafter be convicted of any offense against the laws of the United States, and is confined, in execution of the judgment or sentence upon any such conviction, in any United States penitentiary or jail, or in any penitentiary, prison, or jail of any State or Territory, for a definite term, other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence to be estimated as follows, commencing on the first day of his arrival at the penitentiary, prison, or jail: * * * Upon a sentence of not less than three years and less than five years, seven days for each month."