### CHRISTIANSON v. ZERBST, Warden.

### No. 1485.

Circuit Court of Appeals, Tenth Circuit.

March 13, 1937.

41

William L. Vandeventer, of Springfield, Mo., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS and BRATTON, Circuit Judges, and JOHNSON, District Judge.

BRATTON, Circuit Judge.

This appeal presents an order of the District Court denying a petition for a writ of habeas corpus.

Petitioner was indicted in eleven counts charging perjury and subornation of perjury. He pleaded guilty to five counts, and was sentenced to serve terms in the penitentiary aggregating ten years. He commenced serving October 27, 1926, and was released on parole July 7, 1930. A

member of the parole board caused a warrant for his arrest to be issued July 24, 1933. The warrant recited that satisfactory evidence had been presented showing that the conditions of the parole had been violated. Petitioner was arrested August 4th thereafter and returned to the penitentiary at Leavenworth, Kan., on the 19th. He appeared before the chairman of the parole board at Leavenworth October 30th, and was interrogated respecting his use of intoxicating liquor. The board entered its order on the following day, reciting that the case had been considered and revoking the parole.

Allowing the time fixed by statute for good conduct, the sentences would have been completed July 14, 1933, but without such allowance they would not have ended until October 26, 1936. Revocation of the parole requires petitioner to serve the original sentences in full without allowance for good conduct, and the time he was on parole cannot be taken into account to diminish the period. 18 U.S.C.A. § 719.

■ It is contended that the warrant issued without proper cause; that the hearing was conducted by only one member of the board; that the board acted upon hearsay evidence; and that the order of revocation is not supported by evidence. Manifestly each contention presents a collateral attack upon the proceedings of the board. The proceedings are presumptively correct. Griffin v. Zerbst (C.C.A.) 83 F.(2d) 805. The burden was on petitioner to establish denial of due process and that cannot be established by a mere showing that the decision was incorrect. Chin Yow v. United States, 208 U.S. 8, 28 S.Ct. 201, 52 L.Ed. 369; U. S. ex rel. Tisi v. Tod, 264 U.S. 131, 44 S.Ct. 260, 68 L.Ed. 590; Vajtauer v. Com'r of Immigration, 273 U.S. 103, 47 S.Ct. 302, 71 L.Ed. 560.

■ A prisoner convicted of an offense against the United States and confined in a penitentiary or prison for a definite term or terms of years in excess of one year, or for his natural life, whose record shows that he has observed the rules of the institution, and who has served one-third of the term or terms of years for which he was sentenced, or has served not less than fifteen years of a life sentence, may be released on parole. 18 U.S.C.A. § 714. If the warden of the penitentiary or prison from which he was paroled or the parole board or any member thereof shall have reliable information that the prisoner has violated his parole, the warden may at any time within the term or terms of the sentence issue a warrant to retake such prisoner. 18 U.S.C.A. § 717. Here the Children's Protective Society of Minneapolis, Minn., submitted a report which reached the board reciting that it had received complaints that petitioner was drinking; that at times he was abusive to his family; that his children greatly feared him; that his oldest child stated that he had threatened to kill her; that he had forced her to do a great many things against her will; that she was afraid to testify against him; that the children were in the custody of the society; and that he had contributed very little to their support. The report constituted information. A warrant cannot issue in the absence of any information. Its issuance without information would be capricious and without basis in law. But, when information is at hand, its reliability is a matter for the board or the member, as the case may be, to determine; and that determination is conclusive in a proceeding of this kind.

■■ It is said that the hearing was invalid because only one member of the board was present. The board is required at its next meeting held at the prison after the issuance of the warrant to give the prisoner an opportunity to appear and be heard if he has been returned; and the board may in its discretion then or thereafter revoke the parole or modify its terms and conditions. 18 U.S.C.A. § 719. The statute does not require that the prisoner be given an opportunity to appear unless he has been returned to the prison at the time the next meeting of the board is held after the warrant issued. If he is returned subsequent to such meeting, no requirement is contained in the statute that he be permitted to appear. And there is no express requirement in the statute that all or any number of the members of the board be present. The right to appear before the full board or any number of its members is not essential to jurisdiction of the subject matter and it may be waived. See Harrell v. Aderhold (C.C.A.) 73 F.(2d) 189. Petitioner appeared before the member, was interrogated with respect to his use of intoxicants, and he made denial. No objection was made on the ground that only one member was present and no demand was made that the hearing be had before a quorum or the full mem-

bership. The order of revocation was entered the following day. Petitioner did not lodge a protest or take action for approximately three years. This proceeding was then instituted. That long delay constitutes a waiver of any irregularity in the proceedings. United States ex rel. Rowe v. Nicholson (C.C.A.) 78 F.(2d) 468; certiorari denied Rowe v. Nicholson, 296 U.S. 573, 56 S.Ct. 118, 80 L.Ed. 405.

It is urged that the board acted upon hearsay evidence and that the order of revocation is not supported by evidence. Strict observance of technical rules of law and procedure accorded parties in a judicial proceeding is not required in such a hearing before an administrative body. It may be informal and the consideration of hearsay evidence does not invalidate the final action taken. United States v. Uhl (C.C.A.) 266 F. 646; Morrell v. Baker (C.C.A.) 270 F. 577; Chin Shee v. White (C.C.A.) 273 F. 801; United States v. Wallis (C.C.A.) 279 F. 401. It is stated in the traverse and affidavit of petitioner that he appeared before the member of the board, was interrogated in respect to the use of intoxicants, and that he denied the charge. The record fails to show whether other evidence was submitted and considered. There is no showing that the charges were unsupported by other evidence. For aught that is shown, there may have been abundant evidence not hearsay in character.

The further contention is advanced that with time allowed for good conduct the sentences expired in July, 1933; and that the board was without power to enter the order of revocation thereafter. But the violation occurred before July of that year. That forfeited all allowance for good conduct and the original sentences were then in force without any diminution of time. The board was then authorized in its discretion at any time during the period embraced within the original sentences to revoke the parole. Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247; United States ex rel. Anderson v. Anderson (C.C.A.) 76 F.(2d) 375; Henratty v. Zerbst (D.C.) 9 F.Supp. 230.

Complaint is made that the court should have ordered the respondent to produce the person of petitioner in court. A motion for the production of the person was denied. Petitioner thereafter made an affidavit setting forth the facts within his knowledge, and it was admitted

in evidence, despite the objection of respondent. A court is authorized in a case of this kind to make a preliminary inquiry to determine the propriety of issuing the writ, and the presence of the petitioner is not essential at such inquiry. Where it appears at such preliminary inquiry that there is no basis for the issuance of the writ and that, if the petitioner were present, he would be remanded, it is not error to act in his absence. Since it appears that the petition failed to present any sustainable basis for the issuance of the writ, no right of petitioner was prejudiced. Murdock v. Pollock (C.C.A.) 229 F. 392.

The challenged order is affirmed.