**UNITED STATES ex rel. DE LUCIA v. O'DONOVAN.**

No. 50 C 1643.

United States District Court
N. D. Illinois, E. D.
Aug. 21, 1952.

Otto Kerner Jr., U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Anthony Scariano, Asst. U. S. Atty., Chicago, Ill., for respondent.

Wm. Scott Stewart, Chicago, Ill. (George F. Callaghan, Chicago, Ill., of counsel), for relator.

IGOE, District Judge.

This is the second Habeas Corpus proceeding by Paul De Lucia. It appears subsequent to the case of U. S. ex rel. De Lucia v. O'Donovan, D.C., 82 F.Supp. 435, affirmed 7 Cir., 178 F.2d 876, Dr. Killinger, Chairman of the Parole Board, issued a new parole violation warrant on November 22, 1950. Petitioner, on November 24, 1950, filed his Petition for Writ of Habeas Corpus and thereafter first and second amended petitions, which amended petitions added Dr. Killinger and the Parole Board as Respondents. On December 4, 1950, Motion of the Government to Dismiss Dr. Killinger and the Parole Board on jurisdictional grounds was allowed and the present Respondent is the U.S. Marshal. Upon rule to show cause why the writ should not issue, the Marshal filed his answer and amended answer, rule to show cause was allowed, and thereafter, on February 16, 1951, Respondent filed return to the writ which petitioner traversed and respondent filed replication.

Under agreement of the parties and consent of the Court, this matter has been continued from time to time pending the outcome of Compagna v. Hiatt, in the District Court in Atlanta, Georgia, decided September 18, 1951, reported in 100 F.Supp. 74, with subsequent appeal dismissed by the Government.

The parties on May 27, 1952, *nunc pro tunc,* as of May 16, 1952, stipulated, subject to respondent's objection as to materiality, competency and relevancy, that the Court consider as evidence on behalf of Relator's position the following:

**Atlanta Proceeding, June 11–14, 1951.**

Testimony of Dr. Killinger, Chairman of the Board, beginning at Page 4.

Testimony of Mr. Lasho, Page 201, of transcript.

Testimony of Louis Campagna, Page 201, and Charles Gioe, Page 303.

Testimony of Eugene Bernstein, Page 370.

Letter from Chief Probation Officer Fisher to Parole Executive Urich dated March 8, 1948, at Page 64 of First Supplement to Motion of Campagna and Gioe in the case of Compagna v. Hiatt.

Letter from Dr. Killinger to Fisher dated March 25, 1949, Page 130.

Letter from Fisher to Dr. Killinger dated April 8, 1949, Page 131.

Deposition of Mrs. Cook, Airline Hostess, at Page 132.

**Other Evidence**

Testimony of Colosimo before the Hoffman Committee, found in Relator's traverse of July 7, 1948 in the first De Lucia proceedings and in this cause, and Thereafter, the Court to take this matter under advisement.

The Government's principal objections to the evidence follows:

The evidence of the airplane trip and tax settlement at Atlanta, Georgia is applicable only to Campagna and Gioe, and De Lucia was not before that Court.

The present warrant dated November 22, 1950, is based on charges different than the July 1948 warrant.

The evidence at Atlanta refers to matters prior to March 1948, and the present warrant was issued two and one-half years later and based on different charges.

Relator's previous statements and affidavits apply to the 1948 warrants and are not here applicable.

The Government has controverted all of Relator's statements and affidavits by its pleadings and the writ should be discharged.

Neither party has offered or tendered further proof and the Court concludes the evidence of both parties is before the court and the same constitutes a full and complete hearing of the respective contentions. The present motion filed by Relator is that the Court make final disposition of this cause on the record as it now stands.

Relator contends the instant proceeding is moot because subsequent to this proceeding Relator was again placed on parole. The court is of the opinion such Board action was to continue supervision during the present litigation and should not be construed as abandonment of the charge of parole violation. Relator further contends the charges contained in the November 22, 1950 De Lucia case, are now *res. adjudicata;* that the Relator has never violated his parole, the Board has no new evidence, and therefore the present warrant was arbitrarily issued without any evidence, and therefore a nullity and Relator is entitled to relief by habeas corpus.

The following referrals were charged in the first case:

"Present offense:

"1. Failure to make full and truthful written reports to the Supervisor of Parole.

"2. Untruthful statements covering expenditures during the months of December 1947, and January 1948.

"3. Association with persons of bad reputation.

"4 Failure to conduct himself honorably.

"5. Failure to reveal source of monies used in settlement of Internal Revenue Tax, when questioned before a legally constituted body."

Referrals in the instant case are:

"Present offense:

"1. Failure to make full and truthful parole report covering expenditures during the month of January, 1948.

"2. Failure to reveal source of monies used in settlement of Internal Revenue Tax when questioned before a Federal Grand Jury.

"3. Failure to reveal source of monies used in settlement of Internal Reve-

nue Tax when questioned before a Congressional Committee of the Eighty-first Congress.

"4. Failure to reveal the identity of two traveling companions on the TWA flight from Kansas City, Missouri, to Chicago, Illinois, August 13th, 1947 when questioned before a Federal Grand Jury.

"5. Failure to conduct himself honorably."

Comparing the former with the present referrals, number one is identical except the month of January, 1948 is in the present referral; two is the same as number one in the present referral, except here, December 1947 and January 1948 are designated; former three has been omitted in the case at bar unless it means the airplane trip; four is identical with present five; former five is the same as present two and three except the legal bodies are designated as Grand Jury and Committee, and present number four is new unless contained in the general charge.

In the memorandum and explanation of the referrals, present number one relates to the wedding breakfast and subsequent reception for De Lucia's daughter at the Blackstone Hotel on January 24, 1948. The charge is based that money given by guests at the wedding breakfast and reception was not reported as income to the parole authorities on petitioner's monthly report. The local parole agent at the time had a complete report from petitioner that the money contributed by such guests was the property of the newly married couple and not income to petitioner. Such report was accepted by the parole authorities and there is no evidence to establish such funds belonged to petitioner and should have been reported as income to him.

Referrals two and three relate to petitioner's failure to disclose the source of money used in settlement of his federal income tax when questioned by a 1947 Grand Jury and a special congressional committee in 1950. Petitioner's tax liability was settled by his attorney at Chicago under unusual circumstances. Petitioner under oath has stated, he did not under the 1948 warrant, nor under the present proceedings, nor

at the time of the 1947 Grand Jury and the 1950 Special Committee, know the source of the funds used for the payment of his tax, and there is no evidence that he did know the source. Other than suspicious circumstances, the Government has no further proof and there is no evidence to support this charge. Referral four charges on August 13, 1947, when petitioner was paroled, there were two additional traveling companions on the airplane trip from Kansas City to Chicago whose names petitioner refused to reveal to the parole board and the 1947 Federal Grand Jury. Petitioner in the prior proceeding and here denies he knew the other two passengers; his testimony is he had no conversation or association with them during the trip and upon arrival at Chicago went directly to his home in a taxi with Louis Campagna who lived near him. This is substantiated by the Campagna testimony in the Atlanta case, and the Government has no evidence to the contrary. Referral five relates to and is dependent upon the preceding four referrals.

 There is no direct evidence of parole violation under the present warrant. The charges are predicated upon the same circumstances, events and evidence as the 1948 warrant. Such charges and explanations are based upon inferences and conclusions assumed or felt by the Board to exist and there is no other or further evidence of a competent legal nature to the contrary.

 The present statute, Sec. 4205, Title 18 U.S.C.A. omits "reliable information", and now provides for a warrant for one who has violated his parole. Respondent contends reliable information is not required nor indeed is any information now required to support a warrant of revocation. Such contention would result without redress in the arrest and detention of a parolee who has fulfilled all requirements of his parole, and entitled to remain on parole. The court may not adopt such contention. Before a prisoner is paroled, certain statutory facts and circumstances are required to be present, born from the nature of the offense, good prison conduct, the likelihood of rehabilitation, and the effect on society. These, together with others, relate to the right of a prisoner to parole

350

which the Board under the statute considers. Whether there exists sufficient facts and circumstances to justify the exercise of requisite statutory discretion remains with the Board. When favorably exercised, a new status or legal right arises, the prisoner is admitted to parole and allowed to serve his remaining sentence outside prison walls under supervision and monthly report to his local parole officer. Such parole rightfully merited and earned under the statute invests in the parolee a status or right which he has the right to defend by due process in a court of law. In such case where it is alleged the parole termination was unlawful; the court is required to inquire into the legality of detention.

■ The parole laws are for the protection of society as well as rehabilitation of the parolee. If a prisoner be required to serve his maximum sentence he is ultimately turned back into society without supervision, and in many instances without adequate rehabilitation. When a parolee, as here, is normally adjusting and abiding by the terms of his parole, no parole violator's warrant should issue under the present statute without substantial evidence of a parole violation. To do so permits interruption of the rehabilitation by separation from family and job, thereby delaying and demoralizing the parolee. This is a loss to society and the unwarranted interruption imperils, and in many cases, would destroy the rehabilitation and the parole structure. The court is of the opinion such was not the congressional intent. Where the parole has been rightfully earned and the process of rehabilitation entered into with satisfactory progress, the court is of the opinion the congressional intent is such progress shall not be lightly interrupted and only disturbed upon substantial evidence of a parole violation. Here, prior to the present warrant neither the local parole officers, nor any member of the Board appearing before the committee, had or knew of any facts or information of parole violation, considered petitioner was adjusting normally and was a good parole risk. During the pendency of this proceeding, no new evidence of a parole violation has been brought to attention, and the court is of the opinion had such been the case, it would have been presented to the court.

Having in mind the principles of the first case on appeal, the opinions of the District and Circuit Courts of the Fifth Circuit in the Campagna and Gioe cases, and from the evidence, arguments and briefs before the court, the court finds the present warrant is based upon the same charges as contained in the 1948 warrant, and there is no substantial or legal evidence to justify the charge of parole violation. The basis of both warrants are the conclusions arrived at by the present Board from inferences and suspicion created by the unfavorable publicity in the former Board granting the three paroles and the desire of the current Board to be relieved therefrom. Such are insufficient to support a warrant for parole violation and the same was arbitrarily issued without evidence and therefore a nullity.

The restraint by respondent is illegal and Relator is discharged, not to complete liberty, but to conditional liberty, in the custody of the Attorney General under supervision of the Board of Paroles, as a reinstated parolee.

Judgment will be entered accordingly. Order to be presented to the Court September 9th, 1952.