**FREEDMAN**
**v.**
**LOONEY, Warden.**
**No. 4767.**

United States Court of Appeals, Tenth Circuit.

Jan. 26, 1954.

Reuben Ray Freedman, appellant, pro se.

George Templar, U. S. Atty., Arkansas City, Kan., and Milton P. Beach, Asst. U. S. Atty., Oskaloosa, Kan., for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PER CURIAM.

This is an appeal from an order dismissing a petition for habeas corpus without a hearing. The petition, apparently prepared without the assistance of counsel, is voluminous and most of the matters complained of are not material in a habeas corpus proceeding. The allegations establish that while the petitioner was serving a sentence in the United States Penitentiary at Leavenworth, Kansas he was released under the provisions of the Conditional Release Statutes; that a short time thereafter he was arrested in Toledo, Ohio, and charged with the offense of operating a refund racket, upon trial was convicted of attempted shoplifting and sentenced to serve 30 days in jail; that after the 30-day sentence had been served, he was held by local authorities at the request of the Federal Probation Officers; and that thereafter a warrant was issued by the Federal Parole Board, his conditional release was cancelled, and he was returned to Leavenworth to serve the remainder of his term.

The essence of the petitioner's contentions is that the Parole Board abused its discretion in revoking the conditional release, and that the petitioner was entitled to a hearing before a Federal District Court to determine whether the revocation was justified.

A conditional release of a federal prisoner is in the nature of a privilege granted by Congress. A prisoner who faithfully observes the rules is entitled to a deduction from the term of his sentence and to be released at the expiration of his sentence less the good time which he has earned. 18 U.S.C.A. §§ 4161, 4163. After such release the prisoner is deemed to be on parole until the expiration of the maximum term or terms for which he was sentenced. 18 U.S.C.A. § 4164. If the terms of the parole or conditional release are violated, the Parole Board has authority to revoke the parole or release and to issue a warrant for the retaking of the parolee. Upon revocation, the parolee is returned to the custody of the Attorney General to serve his unexpired term which begins to run from the date of his return. 18 U.S.C.A. §§ 4205, 4207. The Parole Board may not act capriciously in revoking a parole or conditional release, but a revocation is within the discretion of the Board. If the Board revokes upon evidence or information showing a violation of parole or conditional release, it is not an abuse of its discretion, and the courts will not interfere in a habeas corpus proceeding.

Christianson v. Zerbst, 10 Cir., 89 F.2d 40; Bowers v. Dishong, 5 Cir., 103 F.2d 464; Nave v. Bell, 6 Cir., 180 F.2d 198; Anderson v. Corall, 263 U.S. 193, 197, 44 S.Ct. 43, 68 L.Ed. 247; Zerbst v. Kidwell, 304 U.S. 359, 362, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808.

In this case the petitioner had been found guilty of a misdemeanor and sentenced to serve 30 days in jail. Under such circumstances the Board was clearly acting within its discretion in revoking the conditional release.

The judgment is affirmed.