**Paul Woodward BRINK, Appellant,**

**v.**

**C. H. LOONEY, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.**

**No. 5447.**

United States Court of Appeals
Tenth Circuit.

Nov. 23, 1956.

David M. Naiman, Denver, Colo., for appellant.

E. Edward Johnson, Asst. U. S. Atty., Topeka, Kan. (William C. Farmer, U. S. Atty., Topeka, Kan., and Milton P. Beach, Asst. U. S. Atty., Kansas City, Kan., were with him on the brief), for appellee.

Before PHILLIPS, MURRAH and LEWIS, Circuit Judges.

PER CURIAM.

This is an appeal from an order dismissing an application for a writ of habeas corpus and remanding Brink, the

Petitioner, to the custody of the Attorney General.

An indictment containing three counts, charging violations of 18 U.S.C. § 1341, was returned against the Petitioner in the United States District Court for the District of Kansas. He entered pleas of guilty to each count and an aggregate sentence of ten years' imprisonment was imposed. Thereafter, on October 5, 1954, an order was entered allowing him to withdraw his plea of guilty on Counts Two and Three and such Counts were dismissed. He was then sentenced to a term of imprisonment for five years on Count One.

On November 30, 1955, the Petitioner was released on a conditional release, with 532 days remaining unserved. On December 16, 1955, a warrant was issued by the United States Board of Parole, directing that the Petitioner be arrested for a violation of his conditional release. On December 22, 1955, the Petitioner was taken into custody on the warrant. On February 21, 1955, the parole board revoked the conditional release and ordered that the Petitioner serve the remainder of his sentence.

The Petitioner filed his application for a writ of habeas corpus, in which he challenged the validity of the action of the parole board in revoking his conditional release and ordering that he serve the remainder of his sentence. The warden filed a response to the writ, setting up the foregoing facts. Counsel for the Petitioner was appointed by the trial court.

A hearing was held on the application for the writ. The Petitioner appeared in person and by his attorney and introduced evidence. At the conclusion of the hearing, the trial court found that the Petitioner had not established that the action of the parole board in revoking his conditional release was capricious and that the Petitioner's

claim was without merit and entered the order dismissing the application for the writ. The evidence adduced at the hearing below is not brought before this court.

 The action of the parole board in revoking the conditional release is presumptively correct.[1] The burden was on the Petitioner to establish arbitrary action or denial of due process by the parole board.[2] The trial court, in effect, held that the Petitioner had not sustained that burden. There is nothing in this record to show that the finding of the trial court was in error.

Accordingly, the order is affirmed.

---

1. Griffin v. Zerbst, 10 Cir., 83 F.2d 805, 806; Christianson v. Zerbst, 10 Cir., 89 F.2d 40, 42; See, also, Freedman v. Looney, 10 Cir., 210 F.2d 56, 57.

2. Christianson v. Zerbst, 10 Cir., 89 F.2d 40, 42.