UNITED STATES of America, ex rel. Maurice GOLDSTEIN, alias Maurice Gold, and Jack S. Guthman, Petitioners,

v.

Joseph D. LOHMAN, Sheriff of Cook County, Illinois, Respondent.

No. 12069.

United States Court of Appeals Seventh Circuit.

Jan. 22, 1958.

Writ of Certiorari Denied March 31, 1958. See 78 S.Ct. 702.

Paul Homer, Henry H. Koven, Howard R. Koven, Charles N. Salzman, Chicago, Ill., for petitioners-appellants.

Benjamin S. Adamowski, State's Atty., Francis X. Riley, Asst. State's Atty., Chicago, Ill., Robert W. Scherman, Asst. State's Atty., Chicago, Ill., of counsel.

Before MAJOR, SCHNACKENBERG and HASTINGS, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

The above-entitled habeas corpus proceeding was docketed in the district court on May 18, 1955.[1]

---

1. Confusingly petitioners' counsel in this court persist in entitling the case "People of the State of Illinois, ex rel.", etc.

The record reveals that petitioners were indicted in Cuyahoga county, Ohio, for a crime referred to as "larceny by trick", alleged to have been committed on April 7, 1950, in said county, and that, for nearly the last 5 years, petitioners have been resisting, by litigation in various courts, their extradition from Illinois to Ohio. Requisition papers having been issued by the governor of Ohio, followed by an extradition warrant issued by the governor of Illinois, petitioners were on February 9, 1953 taken into custody and brought by respondent before the Criminal Court of Cook County, Illinois, pursuant to a writ of habeas corpus from said court procured by them. Following a trial on August 6, 1953, that court quashed the writ and remanded petitioners to the custody of respondent, to be delivered to the agent of the state of Ohio. Petitioners appealed to the Illinois Supreme Court,[2] which affirmed, People ex rel. Goldstein v. Babb, 4 Ill.2d 483, 123 N.E.2d 639. The United States Supreme Court denied certiorari, 349 U.S. 928, 75 S.Ct. 771, 99 L.Ed. 1259. This proceeding was then instituted in the district court. That court, following the submission of typewritten briefs, on April 25, 1957 dismissed the petition and this appeal followed.

Petitioners argue that their rights under clause 2 of section 2 of article IV and also under the fourteenth amendment of the constitution of the United States have been violated by the interpretation by the Supreme Court of Illinois of section 2, chapter 60, Ill.R.S., 1951. They say that, in People ex rel. Goldstein v. Babb, 4 Ill.2d 483, 123 N.E. 2d 639, said section 2 has been interpreted to mean that once the presence of the alleged fugitive is established in the demanding state on the date alleged in the indictment, this is sufficient for a remandment.

Respondent insists that there has been no violation of any constitutional rights of petitioners.

It appeared on the trial in the Criminal Court of Cook County that the complaining witness, John DeRocca, a resident of Cleveland, Ohio, in direct examination, identified the petitioners, and testified that he had business relationships with them, and that they were at his home in Cleveland on April 7, 1950. DeRocca's wife also testified that petitioners were at their home in Cleveland on that day. Each of the petitioners testified in his own behalf, and denied having been in Cleveland on the day in question. Upon cross-examination of the witness DeRocca, petitioners' counsel attempted to show what had occurred in 1950. The court sustained objections to these questions, and stated: "Whether this warrant is good or bad I don't know, but I am only concerned with whether or not they were in the State of Ohio and the City of Cleveland at the time this was charged."

■ On the face of this evidence, we fail to see how petitioners are in a position to defeat this extradition proceeding by arguing, as they do, that there is here an attempt to extradite them for the commission of a crime constructively committed in the demanding jurisdiction. The evidence above referred to sufficiently established for the purpose of extradition that they were personally present in Ohio on the date in question. Upon a trial in that state, if they are confronted with evidence that the crime for which they were indicted, was only constructively committed in Ohio, that matter may then be considered. Its mere anticipation by petitioners is not sufficient to support them in this appeal.

■ No federal constitutional rights of petitioners have been violated in the extradition proceedings against them.

■ Petitioners also contend that without motion by the state's attorney and without permitting any hearing, the district court had no power to dismiss the petition. Both petitioners and respondent filed briefs. In petitioners'

2. More confusion is contributed by petitioners' counsel who now refer to said appeal as a writ of error.

brief they admit that it was established by the state that petitioners were in the home of the complaining witness in Ohio on April 7, 1950. In view of their admission and the allegations in their petition in the district court, it became apparent to that court that they were not entitled to relief in this proceeding. No trial was necessary and the court justifiably dismissed the petition for habeas corpus. He thereby hastened, to at least a perceptible degree, the day when these prolonged extradition proceedings will be terminated.

We find no error in this record and the judgment of the district court is affirmed.

Affirmed.