Lloyd Miles WASHINGTON, Petitioner,

v.

C. R. HAGAN, Warden, United States Penitentiary, Lewisburg, Pennsylvania, Respondent.

No. 368.

United States District Court
M. D. Pennsylvania.

March 25, 1960.

Lloyd Miles Washington, pro se.

Daniel H. Jenkins, U. S. Atty., James S. Palermo, Asst. U. S. Atty., Scranton, Pa., for respondent.

FOLLMER, District Judge.

Lloyd Miles Washington is presently a prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, and has made application, in forma pauperis, for a writ of habeas corpus.

The issue raised in his original petition will be discussed first. While on parole under a Federal sentence he was arrested, tried and convicted in the State court on a charge of armed robbery and sentence was suspended, whereupon the United States Board of Parole revoked his parole and recommitted him as a parole violator under such Federal sentence. He seeks to attack the State conviction. His contention is that his arrest and the search and seizure in connection therewith by State officers were unlawful and that, therefore, the revocation of the parole by the United States Board of Parole was unlawful.

While violation of parole is not limited to the commission of a crime and conviction therefor,[1] even assuming that the revocation in the instant case was predicated solely upon the conviction in the State court, the validity of such conviction could not be questioned in this habeas corpus proceeding. His attempted attack on the State sentence is in effect a contention of insufficiency of the evidence to sustain the conviction. This would not in any event have been the subject of a habeas corpus proceeding in this Court.[2] He is not presently serving the State sentence and whatever remedies he might have in reference to such State sentence must be by application to the State courts.[3]

Prior to the hearing, petitioner filed a supplement to his petition raising the basic contention that he was entitled to representation by counsel at his parole violation hearing and that he was denied that right by the Parole Board. At the hearing he contended that he did not know he had such right and that he was not so advised by the Board.

The matter of the right to be represented by counsel at Parole Board revocation hearings was brought into focus in Fleming v. Tate, 1946, 81 U.S.App. D.C. 205, 156 F.2d 848, 849. That case held that under the old District of Columbia parole statute (24 D.C.Code, § 206) the language "he 'shall be given an opportunity to appear before the said Board'" meant that a parole violator had the right to be represented by counsel in his appearance before the Board. This holding was subsequently, to wit, July 17, 1947, codified in the District of Columbia Code, 61 Stat. 379, 24 D.C. Code, § 206, in pertinent part as follows:

"Sec. 6. When a prisoner has been retaken upon a warrant issued by the Board of Parole, he shall be given an opportunity to appear before the Board, a member thereof, or an examiner designated by the Board. At such hearing he may be represented by counsel. * * *"

The pertinent Federal statute, 18 U.S. C. § 4207, June 25, 1948, provides, in part, as follows:

"A prisoner retaken upon a warrant issued by the Board of Parole, shall be given an opportunity to appear before the Board, a member thereof, or an examiner designated by the Board.

"The Board may then, or at any time in its discretion, revoke the order of parole and terminate such parole or modify the terms and conditions thereof."

In Moore v. Reid, 1957, 100 U.S. App.D.C. 373, 246 F.2d 654, the Court of Appeals for the District of Columbia expanded its opinion in Fleming by holding that the prisoner does not waive this statutory privilege to appear with counsel and to present testimony when he is not advised that he has it.

It will be noted that the Federal statute quoted above was enacted approximately one year after the above cited codification of the District of Columbia Code.

The provisions of the old District of Columbia Code and the old Federal statute with relation to revocation hearings were substantially the same from 1932 until the Fleming case in 1946. Then with relation to the District of Columbia statute there followed the codification of its Code in 1947, and then the Moore case. The codification of the District of Columbia Code in 1947 and the amendment to the Federal statute in 1948 were in pari materia with the exception that the District of Columbia statute had this additional phrase, "at such hearing he may be represented by counsel." Over a period in excess of

---

1. Mills v. Hiatt, D.C.M.D.Pa., 50 F.Supp. 689.

2. O'Grady v. Hiatt, D.C.M.D.Pa., 52 F. Supp. 213, affirmed 3 Cir., 142 F.2d 558.

3. United States ex rel. Bogish v. Tees, 3 Cir., 211 F.2d 69.

fifty years [4] the operation of the parole procedure under the two statutes developed marked disparities,[5] of which the matter of "personal representation" is one. It is inconceivable to believe that this difference is merely accidental or unintentional.

The distinction between the District of Columbia statute involved in Fleming and the Federal statute was recognized in Hiatt v. Compagna, 5 Cir., 1949, 178 F.2d 42, 46, affirmed by an equally divided Court in 340 U.S. 880, 71 S.Ct. 192, 95 L.Ed. 639 as follows:

"* * * Congress, in revising the parole law, Revised Title 18, Sec. 4207, changed the wording to read: 'A prisoner retaken upon a warrant issued by the Board of Parole, shall be given an opportunity to appear before the Board, a member thereof or an examiner designated by the Board.' This change cuts deeply into the idea that the appearance is to be a trial. An examiner may conduct it now, and it would seem that the taking of the testimony of the prisoner, and perhaps his witnesses, is alone contemplated. * * * "

The court in Fleming, supra, said: "The question is one of statutory construction. No constitutional right is involved, as parole is a matter of grace."

█ In failing to make statutory provision giving a right of counsel under the Federal statute one year after providing for such right in the District statute would seem to be a clear indication of its deliberate intention to provide different procedures for parole violators subject to the Federal statute. That the administrative practice for fifty years (since 1910) has been not to provide counsel at revocation hearings must have been in the thinking of Congress. A revocation hearing is not a trial, nor indeed is it primarily concerned with the commission of an offense. As a matter of fact, a prisoner having been granted his conditional freedom on parole, the sole question before the Board, the determination of which may be delegated to a single member or even an examiner, is whether the parolee, in the judgment of the Board, is still a good parole risk. That determination presupposes an informal type of conference far removed from the technical ritual of a trial.

The pros and cons of this question with relation to the Federal statute were presented in bold relief in July, 1959 in two extremely able opinions reaching diametrically opposite conclusions.

In Robbins v. Reed, D.C.Cir., 269 F. 2d 242, 244, the court said:

"The present complaint, fairly construed, indicates the absence of counsel, no advice of appellant's right thereto, and no waiver of the right to appear with counsel and to present testimony. Accordingly, we think the complaint makes out a case which, if sustained by evidence, would undermine the validity of the parole revocation."

In Lopez v. Madigan, D.C.N.D.Cal. 1959, 174 F.Supp. 919, 921–922, the court said:

"Hearings before the Board are not adversary proceedings. They are informal, unsworn, and not bound by the rules of evidence. Christianson v. Zerbst, 10 Cir., 1937, 89 F.2d 40. Their purpose is as much to form a part of the rehabilitation process as to provide a check on the administrative decision, already tentatively made, that the conditions of release were violated. See Attorney General's Survey of Release Procedures (1939) Vol. IV, pp. 246–247, cited in Fleming v. Tate, 1946, 81 U.S.App.D.C. 205, 156 F.2d 848, 851. The position of the parole authorities, therefore, has consistently been that attorneys do not belong at revocation hearings

---

4. Federal statute, Act of June 25, 1910, c. 387, 36 Stat. 820.

5. See Lopez v. Madigan, D.C.N.D.Cal.1959, 174 F.Supp. 919.

and that the statute does not authorize their presence. * * *

* * * * * *

"* * * The Court finds that the denial of counsel at the revocation hearing—if, in fact, such a denial was made—did not invalidate those proceedings."

The United States Penitentiary at Lewisburg, Pennsylvania, being located in this District creates an awareness of the administrative problems involved. While not dealing with this precise issue, the court in Stroud v. Swope, 9 Cir., 187 F.2d 850, 852, made a statement which graphically pin points a practical side to this question which cannot be entirely overlooked, to wit:

"Aside from the purely legal aspects of this case very practical considerations militate against granting to appellant the relief for which he prays for to do so would open the door to a flood of applications from federal prisoners which would seriously hamper the administration of our prison system."

I am fully aware that the mere difficulty in handling this problem, if the rule of Robbins v. Reed, supra, is to prevail, is not and probably should not be the determinative factor here. I do feel, however, if the procedure followed without exception for fifty years is to be thrown into the discard, it should be done by Congressional and not judicial legislation at which time the act could be implemented in a way to make it possible of accomplishment, which at the present time I do not think it is.

As to petitioner's contention that although he was entitled to representation by counsel at his parole violation hearing he was not so advised by the Parole Board, the Government frankly conceded that it was the settled policy of the Parole Board not to advise parolees of any right to counsel at revocation hearings, that on the contrary had a request for presence of counsel been made it would have been refused.

I find that the failure, if any, on the part of the Parole Board to advise petitioner of any right to counsel at revocation hearing, or the denial of counsel at said revocation hearing, if, in fact, such a denial was made, did not invalidate these proceedings.