Gene L. GIBSON, Petitioner,

v.

T. W. MARKLEY, Warden, Respondent.
No. 62-C-7.

United States District Court
S. D. Indiana,
Terre Haute Division.

May 23, 1962.

———◆———

Gene L. Gibson, pro se.

Richard P. Stein, U. S. Atty., for respondent.

STECKLER, Chief Judge.

This cause came before the court upon the petition of Gene L. Gibson for a writ of habeas corpus; a motion by T. W. Markley, Warden, the respondent herein, to dismiss the petition; a paper filed by petitioner seeking to supplement the original petition; and an objection thereto by the respondent. In the tendered supplemental petition, petitioner also requests that he be granted leave to make pre-trial inspection and examination of certain legal papers and documents and that respondent be ordered to make the same available to him under such terms and conditions as specified by the court; that a subpoena duces tecum be issued, ordering respondent to produce those same legal papers and documents at the hearing of this cause; that this court appoint an attorney to represent petitioner in this cause; and that if no attorney is appointed, the respondent be ordered to make available to petitioner the facilities of the "Government Law Library" in Terre Haute, Indiana, or Indianapolis, Indiana.

After considering the petition, the supplemental petition, the motion to dismiss, and the objections to the filing of a supplemental petition, together with the briefs of the petitioner and of counsel

for respondent, and being duly advised in the premises, the court hereby GRANTS the filing by petitioner of the supplemental petition and OVERRULES the respondent's objections thereto; DENIES the relief sought in the original petition and, except for the request to be granted leave to file, DENIES the relief sought in the supplemental petition, for the reason that it appears from the face of such petition, as supplemented, that petitioner is not entitled to the relief sought therein; and accordingly, the court SUSTAINS the respondent's motion to dismiss the petition.

Petitioner has been an inmate at the United States Penitentiary at Terre Haute, Indiana, since January 12, 1961, where he stands committed for alleged violation of the terms of his mandatory release.

The petitioner's main contention is that he is being held illegally because at the "appearance" before a member of the United States Board of Parole, required by 18 U.S.C. § 4207 (1951), he was not given the opportunity to have counsel, call witnesses, confront his accusers, or cross-examine the accusers, and that the only evidence introduced was hearsay. There is a split of opinion as to whether such contentions and the questions raised thereby can be presented by a petition for a writ of habeas corpus. Compare Howell v. Hiatt, 199 F.2d 584 (5th Cir. 1952) with Washington v. Hagan, 287 F.2d 332 (3d Cir. 1960), cert. denied, 366 U.S. 970, 81 S.Ct. 1934, 6 L.Ed.2d 1259 (1961) and Robbins v. Reed, 106 U.S.App.D.C. 51, 269 F.2d 242 (D.C.Cir.1959).

In view of the court's disposition of this case, assuming without deciding that petitioner has selected the proper remedy, it has been held that there is no right to have counsel present at the revocation hearing. Washington v. Hagan, supra; Hiatt v. Compagna, 178 F.2d 42 (5th Cir. 1949), aff'd by divided court, 340 U.S. 880, 71 S.Ct. 192, 95 L.Ed. 639 (1950); Poole v. Stevens, 190 F.Supp. 938 (E.D.Mich.1960); Hock v. Hagan, 190 F.Supp. 749 (M.D.

Pa.1960); United States ex rel. McCreary v. Kenton, 190 F.Supp. 689 (D. Conn.1960); Lopez v. Madigan, 174 F. Supp. 919 (N.D.Cal.1959). It has also been held that there is no right to have witnesses appear at the hearing. Poole v. Stevens, supra; United States ex rel. McCreary v. Kenton, supra. Further, it has been held that the reliability of the evidence introduced is not a question for the courts, and that the rules of evidence are inapplicable to such hearings. Lopez v. Madigan, supra. It would seem that the right to confront accusers and cross-examine them is similarly not applicable to such hearings. The question involved is one of statutory construction, not constitutional right. Fleming v. Tate, 81 U.S.App.D.C. 205, 156 F.2d 848 (D.C.Cir.1946); Hock v. Hagan, supra.

The court is aware that the District of Columbia Circuit Court of Appeals has held that a prisoner must be given the right to have counsel present at such hearings, see Glenn v. Reed, 110 U.S. App.D.C. 85, 289 F.2d 462 (D.C.Cir. 1961); Hurley v. Reed, 110 U.S.App.D. C. 32, 288 F.2d 844 (D.C.Cir.1961); Robbins v. Reed, supra, and must be permitted to call witnesses who volunteer to appear. Reed v. Butterworth, 111 U.S. App.D.C. 365, 297 F.2d 776 (D.C.Cir. 1961) (question of subpoenaing witnesses reserved). However, even in that circuit, a district court has held that the prisoner has no right to have counsel appointed, nor to have compulsory attendance of witnesses. Martin v. United States Board of Parole, 199 F.Supp. 542 (D.D.C.1961).

There is no right to a court trial on the issue of revocation of parole. Wright v. Settle, 293 F.2d 317 (8th Cir. 1961). As stated in Washington v. Hagan, supra, 287 F.2d at 334:

"[The] matter of whether a prisoner is a good risk for release on parole or has shown himself not to be a good risk, is a disciplinary matter which by its very nature should be left in the hands of those charged

with the responsibility for deciding the question."

■ The hearing provided must be more than a mere formality. Washington v. Hagan, supra; United States ex rel McCreary v. Kenton, supra. And the hearing must be provided within a reasonable length of time. United States ex rel. Buono v. Kenton, 287 F.2d 534 (2d Cir.), cert. denied, 368 U.S. 846, 82 S.Ct. 75, 7 L.Ed.2d 44 (1961). However, the hearing need not measure up to the requirements of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq. (1950). Hiatt v. Compagna, supra. And upon review, a court will not upset the Board's decision unless an abuse of discretion is shown. Freedman v. Looney, 210 F.2d 56 (10th Cir. 1954).

■ Petitioner also contends that his first hearing was unfair because he was not informed that he was to be given a hearing, was not given an opportunity to prepare for the hearing, and because the Board failed to investigate his explanations. It should be noted that although, upon petitioner's request, a 30-day continuance of this cause in this court was granted to enable petitioner to substantiate his allegations by affidavits or other means, no such substantiation has been forthcoming. Moreover, he has alleged no facts in support of these allegations.

Petitioner's supplemental petition admits that he has been offered a new hearing at which he would be allowed to have counsel and witnesses appear in his behalf, but has failed to take advantage of it. He contends a new hearing cannot rectify the defect in the hearing originally held, due to lack of contact with witnesses. However, it does not appear that petitioner has sought the Board's assistance in locating such witnesses. It has been held that, under the circumstances of the particular case, a new hearing could not correct the defect in the first hearing. Glenn v. Reed, supra. However, the same court (the Circuit Court of Appeals for the District of Columbia) has since affirmed a district court order in a declaratory judgment action which directed a new hearing within a reasonable period of time. Reed v. Butterworth, supra. And a district court in that circuit has held that where the petitioner had formally refused a new hearing his petition should be denied. Martin v. United States Board of Parole, supra. See also United States ex rel. McCreary v. Kenton, supra, where the court after determining that the first hearing was merely a formality, and thus was void, granted the petition effective at a later date, but on condition of the Board's failing to grant a new hearing within the time specified in the court's order.

Since it is apparent that no relief is warranted in this case, there is no need for this court to hold a hearing on the petitions. United States ex rel. Goldstein v. Lohman, 251 F.2d 259 (7th Cir.), cert. denied, 356 U.S. 918, 78 S.Ct. 702, 2 L.Ed.2d 714 (1958). Similarly, there is thus no need to appoint counsel to represent petitioner in this cause. DeMaris v. United States, 187 F.Supp. 273 (S.D. Ind.1960); In re Smigelski's Petition, 185 F.Supp. 283 (D.N.J. 1960); 39 C.J. S. Habeas Corpus § 82 (1944). For the same reason, the other relief sought in the supplemental petition is unnecessary. Cf. United States v. Hoyland, 264 F.2d 346 (7th Cir.), cert. denied, 361 U.S. 845, 80 S.Ct. 98, 4 L.Ed.2d 83 (1959).