**MORRELL v. BAKER, Superintendent of Immigration Station.**

(Circuit Court of Appeals, Second Circuit. December 15, 1920.)

No. 68.

1. **Aliens ☞54—Hearing before immigration officers in deportation proceeding may be summary.**

    Hearings before administrative bodies, like the immigration authorities, are not subject to the rules governing judicial proceedings, and, while in a deportation proceeding the alien must be given a fair hearing, the hearing may be summary.

2. **Aliens ☞54—Hearsay evidence admissible in deportation proceedings.**

    In a deportation proceeding before the immigration authorities, hearsay evidence is admissible.

3. **Aliens ☞54—Finding in deportation proceeding, supported by evidence, binding on habeas corpus.**

    In a habeas corpus proceeding to review an order for the deportation of an alien, where the alien had a fair trial, and there was evidence to support the finding that he had imported a woman for immoral purposes, such finding is binding on the court.

Appeal from the District Court of the United States for the Southern District of New York.

Habeas corpus by Leon Morrell against Percy A. Baker, as Superintendent of Immigration Station, to review an order for the deportation of the petitioner. From an order dismissing the writ, the petitioner appeals. Appeal dismissed.

Almy, Van Gordon & Evans, of New York City (D. Almy, of New York City, of counsel), for appellant.

Francis G. Caffey, U. S. Atty., of New York City (D. V. Cahill, of New York City, of counsel), for appellee.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

PER CURIAM. [1-3] Hearings before administrative bodies, like the immigration authorities, are not subject to the rules governing judicial proceedings. The alien must be given a fair hearing, but the hearing may be summary. Hearsay evidence is admissible, and the findings of fact by the commissioners conclusive, if there is any evidence to support them. In re Diamond (C. C. A.) 266 Fed. 34; In re Rakics (C. C. A.) 266 Fed. 646.

In this case the alien had a fair trial, and there was evidence to support the finding that he had imported a woman for immoral purposes, and, that finding being binding upon us, the appeal is dismissed.