## UNITED STATES ex rel. DELIANNIS v. COMMISSIONER OF IMMIGRATION AT PORT OF NEW YORK.

(Circuit Court of Appeals, Second Circuit. April 7, 1924.)

No. 292.

1. Aliens ⊂⊃51½, New, vol. 16A Key-No. Series—Evidence held to warrant finding clarinet player not exempt from operation of quota law as "professional ∗ ∗ ∗ artist."

Where applicant worked as machinist during day and played clarinet in an orchestra in the evening, but was not a soloist and had not brought his instruments with him, a finding that he was not exempt from operation of quota law as professional artist, under Immigration Law May 19, 1921, § 2, subd. "d" (Comp. St. Ann. Supp. 1923, § 4289¼a), was justified; "professional" being one engaging in particular art for money as means of subsistence, and "artist" referring to one skilled in trade or art.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Artist; Professional.]

2. Habeas corpus ⊂⊃92(1)—When courts interfere with finding of fact by board of special inquiry stated.

Finding of fact by board of special inquiry will not be disturbed by courts, unless board exceeded its jurisdiction, denied fair hearing, or finding is not supported by any evidence, or erroneous rule of law has been applied.

3. Aliens ⊂⊃54—Refusal to receive unauthenticated certificate of applicant's attendance at philharmonic school not error, where applicant permitted to testify thereon.

In exclusion proceedings, it was not error for board of special inquiry to refuse to receive unauthenticated certificate of Greek Philharmonic School of Alexandria, Egypt, to show that applicant was musician, where he was permitted to testify to his attendance at such school and course of training.

Appeal from the District Court of the United States for the Southern District of New York.

Habeas corpus by the United States, on the relation of Christ G. Deliannis, next friend of Pierre Evelipithis and others, against the Commissioner of Immigration at the Port of New York. From an order dismissing the writ, relator appeals. Affirmed.

Lorenz & Lorenz, of New York City (Keith Lorenz, of New York City, of counsel), for appellant.

William Hayward, U. S. Atty., of New York City (James C. Thomas, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. Three aliens, husband, wife, and child, had been ordered deported. A writ of habeas corpus was sued out seeking to review this action of the board of special inquiry as later confirmed by the Department of Labor. The father and the child were born in Alexandria, Egypt; the mother in Turkey. They came to this country from Alexandria, Egypt, and at the time they sought entry the quota from Egypt had been exhausted.

[1] They claimed a right of entry, however, under section 2, subd. "d," of the Immigration Law of May 19, 1921 (Comp. St. Ann. Supp.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

1923, § 4289½a), which exempts certain classes from the operations of its provisions and reads:

"That aliens returning from a temporary visit abroad, aliens who are professional actors, artists, lecturers, singers, nurses, ministers of any religious denomination, professors for colleges or seminaries, aliens belonging to any recognized learned profession, or aliens employed as domestic servants, may, if otherwise admissible, be admitted notwithstanding the maximum number of aliens of the same nationality admissible in the same month or fiscal year, as the case may be, shall have entered the United States. * * *"

The husband plays the clarinet and says that he comes within the exempted class of artists under section 2 above. He gave testimony that he was a machinist and his wife was a housewife, and when asked what he expected to do, if admitted, replied: "Seek employment at my vocation." After an appeal to the Secretary of Labor, his case was reopened, and he was granted a further hearing for the purpose of determining whether he was a clarinet artist. When he made his application for a visé, he submitted an affidavit of his wife's cousin who resided in the United States, certifying that he sought admission to the United States as a mechanic, and the affiant asserted that, if the aliens were all admitted into the United States, he would see that they did not become public charges. It appears that he played in an orchestra, but not as a soloist, and was never advertised as an artist. He studied at a conservatory of music and played with an orchestra in Alexandria during the summer months. When he arrived, he had $20, but did not have with him his clarinet or any other musical instrument. He did not have enough money to pay his passage, and was assisted by his wife's cousin. He said that he worked as a musician in the evening and as a mechanic in the day. His salary while playing in the evening was about $1.50. On the first hearing, he stated that he would seek employment as a machinist if admitted, and on the second said as a musician. He was asked the following questions and gave answers thereto:

"Q. How long is it since you first began to play the clarinet? A. About seven or eight years.

"Q. If you do not consider yourself a good enough musician now to play as a soloist, you would not consider yourself an artist, would you? A. I am not an artist."

[2] The board of special inquiry, passing on the question of fact, found that the applicant was not a professional artist as provided in section 2, and excluded him because the quota allotted to Turkey had been exhausted. There is evidence in the record to sustain the finding, and this court will not interfere, unless the jurisdiction of the board has been exceeded. United States v. Yung Ah Lung, 124 U. S. 621, 8 Sup. Ct. 663, 31 L. Ed. 591; Morrell v. Baker (C. C. A.) 270 Fed. 577. The term "professional" is applied to one undertaking or engaging for money as a means of subsistence in a particular art. It is opposed to amateur, and as used in the statute refers to one who pursues an art and makes his living therefrom. And the word "artist" refers to one skilled, as in a trade, or, as attempted to be applied here, skilled in the art of playing the clarinet. The applicant, by his testimony, caused his own elimination from the class of professional art-

ists as referred to in the statute. The courts have no power to interfere with this finding of fact, unless there was a denial of a fair hearing, or the finding is not supported by any evidence, or where there is an application of an erroneous rule of law. Ng Fung Ho v. White, etc., 259 U. S. 276, 42 Sup. Ct. 492, 66 L. Ed. 938. The argument advanced by the appellant is that the authorities applied an erroneous rule of law in interpreting the term "artist" to mean a celebrity. It is clear that the board merely passed upon the question of fact as to whether the applicant was, by his calling, a machinist or a professional artist. This question was resolved against the applicant's present contention.

[3] It is also argued that error was committed in refusing to receive a certificate of the Greek Philharmonic School of Alexandria, Egypt, which set forth the attendance of the applicant at this school. The applicant was permitted to testify to his attendance at the school and his course of training there. The admission of this certificate would have added nothing to the record. It had no probative force, for the reason that it was not authenticated in any way. We think the evidence satisfactorily supports the conclusion of the board of special inquiry that the applicant was a machinist by trade, and sought admission as such until he tried to change it on the occasion of the reopening of his case. By his admissions on the rehearing he justified the conclusions reached below.

Order affirmed.