**UNITED STATES ex rel. LIEBMANN v. FLYNN, District Director of Immigration.**

(District Court, W. D. New York. December 6, 1926.)

1. **Habeas corpus** ⊜92(1)—In habeas corpus, court cannot pass on weight of evidence before immigration officials.

In a habeas corpus proceeding to review an order of deportation, the court cannot pass on the weight of evidence before the immigration officials, but may only consider whether the alien had a fair hearing.

2. **Aliens** ⊜54(8)—Omission to make claim of exemption from quota on entry may be considered when claim is subsequently made.

Failure of alien on entry to claim right of admission as member of a learned profession does not bar assertion of the claim afterward, but the fact may be considered in connection with his subsequent claim of exemption from quota provision.

3. **Aliens** ⊜51½, New, vol. 16A Key-No. Series—Alien accountant held not exempt from quota statute as belonging to learned profession (Immigration Act 1921, § 2[d], being U. S. Comp. St. § 4289½a).

An alien held not exempt from the quota provision of Immigration Act 1921, under section 2(d), being Comp. St. § 4289½a, as belonging to a recognized learned profession, because of his claimed qualification as an accountant, where he has not followed that employment since his entry.

Habeas Corpus. Petition by the United States, on the relation of Eric Liebmann, against William Flynn, District Director of Immigration at Buffalo, N. Y. Writ dismissed.

Dominick & Dominick, of Buffalo, N. Y., for petitioner.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Roy P. Ohlin, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for respondent.

HAZEL, District Judge. There is no dispute regarding the claim of the government that the alien, a citizen of Germany, is within the United States after the expiration of his temporary permit to remain, and that the quota for the year ending June 30, 1924, allotted to Germany, is exhausted. The single question submitted in opposition to carrying out the order of deportation is that the relator is a member of a recognized learned profession, to wit, an accountant. His testimony before the inspector of immigration showed that he is a graduate of the University of Halle; that he had been employed by several concerns in Germany as an accountant, though not as a certified accountant, he claiming that certified accountants are required in Germany only in public service.

The Quota Law (section 2, subd. [d], being Comp. St. § 4289½a), provides that:

"When the maximum number of aliens of any nationality, * * * shall have been admitted, all other aliens of such nationality," applying "for admission" in the same year "shall be excluded. * * *

"2. * * * Aliens belonging to any" of the "recognized learned profession * * * may, if otherwise admissible, be admitted notwithstanding the maximum number of aliens of the same nationality" shall have been admitted.

It is shown by the evidence, not only that the relator made no claim that he belonged to any recognized learned profession at the time of entry, but in reality he entered as a traveling salesman, and, upon learning afterwards that the company by which he was employed had failed in business, he engaged as a laborer in this country.

[1] The determination of the inspector of immigration that the relator did not belong to any of the recognized learned professions cannot be overruled by this court inasmuch as there is evidence to sustain the finding. There are numerous adjudications by the Supreme Court, Circuit Court of Appeals, and District Courts that in a habeas corpus proceeding the court cannot pass upon the weight of the evidence before the immigration officials, and that the only question that may be considered and decided is whether the alien had a fair trial.

[2] It may be conceded that failure to claim the right to admission as a person belonging to a learned profession at the time of entry does not bar asserting the claim afterwards, but his failure in that relation may nevertheless be considered in connection with his present claim of exemption. The case of U. S. v. Commissioner of Immigration (C. C. A.) 298 F. 449, seems to me to be decisive of all the contentions made here. The case was decided by the Circuit Court of Appeals for this district, Judge Manton writing the opinion, and is controlling upon me. There the alien and his wife and child came to this country from Egypt, at a time when the quota from Egypt had been exhausted, the husband having been a player of the clarinet, though he worked as a mechanic. When asked what he intended to do, if admitted, he replied: "Seek employment at my vocation." He appealed from the order of deportation, and his case was reopened to hear testimony as to his right to enter as a clarinet artist. On the rehearing it appeared that he had played in an orchestra, but not as a soloist, and was never advertised as an artist, though he had studied in Alexandria at a conservatory of music, and played in an orchestra there during the summer months. He had worked as a musician in the evening and as a mechanic in the day. At the first hearing he declared that he intended to work as a machinist, if admitted, and on the second said as a musician. The court sustained the conclusions of the immigration officials, viz. that he was not an artist within the meaning of the statute.

There is persuasive analogy in that case to this. In interpreting the word "artist," the court defined the word "professional" as follows: "Is applied to one undertaking or engaging for money as a means of subsistence in a particular art. It is opposed to amateur, and as used in the statute refers to one who pursues an art and makes his living therefrom," and it was held that the board, in passing upon the question as to whether the alien was a professional artist or a mechanic, did not fall into error since there was evidence to sustain its determination.

[3] So in the present case the relator was not employed as a certified accountant, or accountant, who, the Century Dictionary says, is "one skilled in or who keeps books or accounts; one who makes the keeping or examination of accounts his profession." His

claim that he possessed an educational training equivalent to a certified public accountant was not proved.

The evidence, in my opinion, was sufficient to support the conclusions reached by the immigration authorities; i. e., that he was subject to deportation for the reason stated in the warrant. The fact that since his apprehension he has married an American girl, and has declared his intention to become a citizen, obviously does not ameliorate the situation or justify overruling the finding that he is now unlawfully in this country.

The writ is dismissed.