STATE EX REL. Buse and others, Petitioners, vs. DREWNIAK, Superintendent of Milwaukee County House of Correction, Respondent.

*March 29—April 3, 1948.*

*Max H. Raskin* of Milwaukee, for the petitioners.

*William J. McCauley,* district attorney of Milwaukee county, *John S. Barry,* deputy district attorney, and *William A. Platz,* assistant attorney general, for the respondent.

FRITZ, J. The ultimate question for determination herein is whether Wartchow and the twenty-one other persons similarly situated, on whose behalf the petition for relief by a writ of *mandamus* was filed, are entitled, under sec. 56.08, Stats. 1947, to the relief sought in view of the following facts alleged in the petition and deemed admitted upon respondent's motion to quash the alternative writ, to wit:

Wartchow and said twenty-one other petitioners were found guilty of civil contempt by the circuit court for Milwaukee county, and the judgment entered on July 25, 1947, to that effect provided, in part, as follows:

"That as punishment for their contempt [naming them], each be imprisoned in the house of correction of Milwaukee county for the term of sixty days [thirty days as to some of them] or until they be thence discharged according to law."

In accordance with this judgment commitments were issued, but execution thereof was stayed during the pendency of an appeal from the judgment to this court. On December 23, 1947, the judgment was affirmed, and a motion for rehearing was denied on February 17, 1948. On March 17, 1948, each of the petitioners was duly committed to the house of correction of Milwaukee county for terms varying from thirty to sixty days, in accordance with the judgment entered on July 25, 1947. On the day of said commitment each of the petitioners was regularly employed and such employment was and is now available to them, and their employers are ready and willing to put them to work immediately; and each of them is married and has dependents whose livelihood depends entirely upon his earnings.

· The respondent Drewniak was at said time and still is superintendent of the Milwaukee county house of correction. The provisions of sec. 56.08, Stats., as amended by ch. 366, Laws of 1947, published July 8, 1947, were at the times of said entry of said judgment and the commitment of petitioners pursuant thereto on March 17, 1948, and thereafter, in full force and effect.

On behalf of each of the petitioners it is contended that as he was being regularly employed at the time of his commitment on March 17, 1948, to the house of correction, and immediately upon his incarceration there made demand upon Drewniak that, as superintendent thereof, he arrange for the continuation of said employment, it was Drewniak's duty, under sec. 56.08, Stats. 1947, to arrange for a continuation of said employment without interruption in so far as it was possible; that there is no valid reason why each petitioner should not continue in his regular employment to the end that his dependents can be properly supported and the danger of their becoming public charges be averted; and that Drewniak refused and continues to refuse to permit the petitioners to continue in their regular employment, as prescribed in said sec. 56.08, Stats. 1947.

Petitioners' contentions must be sustained. Under the above-stated provision in the judgment that as punishment

for their contempt of court each of the petitioners shall be imprisoned in said house of correction for the specified terms or until he is discharged according to law, there were clearly applicable to them the provisions in sec. 56.08, Stats. 1947. By the terms in sub. (10) thereof, the provisions of said section are expressly extended to include "a person committed to the county jail by a court of record upon an adjudication of contempt of court;" and in sub. (9) thereof it is provided that, "In this section 'jail' includes house of correction and workhouse, and 'sheriff' includes the superintendent thereof." Under and by virtue of the provision in sub. (1) of said sec. 56.08, that "Any person sentenced to the county jail is committed to hard labor unless the court specifies otherwise," the meaning and effect of the adjudication as to each of the petitioners that he be imprisoned in the house of correction for the stated period is, in the absence of the court specifying otherwise, that he is committed there to hard labor. In said sub. (1) it is provided also that "The court may order any part of the imprisonment to be in *ordinary confinement* or may order his hospitalization for needed treatment;" but as to persons sentenced under said sec. 56.08, Stats. 1947, there apparently is no provision authorizing imprisonment of such persons in "actual confinement,"—as distinguished from *ordinary confinement,*—excepting that in sub. (6) thereof it is provided that "In case of the violation of the conditions laid down for his conduct, custody and employment, he shall be returned to the court; and it may then require that the balance of his sentence be spent in *actual confinement* and may cancel any earned diminution of his term;" but this provision is not applicable presently to the petitioners herein.

However, there are clearly applicable to them the provisions in subs. (2) to (6) of said sec. 56.08, Stats. 1947; and it suffices herein to note particularly the provisions in said sub. (2) thereof, viz.,

"If the convicted person has been regularly employed the sheriff shall arrange for a continuation of said work in so far

as possible without interruption. If not employed in any job, the sheriff shall make every effort to secure some suitable employment. Any prisoner so employed shall be paid a fair and reasonable wage for such work and shall work at fair and reasonable employment and hours per day and per week."

Thus by these provisions there is defined in relation to such convicted and sentenced persons, as are within the terms thereof, a class of prisoners in relation to whom, if they have "been regularly employed," it is the duty of the sheriff, if they were sentenced to the county jail, or of the superintendent of a house of correction if they were sentenced thereto, to arrange for a continuation of their said work in such employment in the manner prescribed in said subs. (2) to (6) of sec. 56.08, Stats. 1947. And as the petitioners herein are within said class by reason of their having been regularly so employed, they are entitled to have said duty of the respondent performed by him in relation to them.

During the oral argument herein it was asserted on behalf of respondent that said provisions in said subs. (2) to (6) of sec. 56.08, Stats. 1947, were not applicable to him as superintendent of the Milwaukee county house of correction because of the provisions in sec. 56.19, Stats. 1947, that,

"(1) The superintendent of said house shall place all inmates at such employments, . . . as shall be prescribed by the county board, . . .

"(2) He may employ such prisoners outside of the institution, for the purpose of cultivating the farm of said institution or in doing any other work necessary to be done in the regular business thereof, or doing work for other county departments or institutions, or in the construction of public highways within said county. . . ."

Those provisions were enacted by a subsequent portion of the same act (viz., ch. 366, Laws of 1947), by which the aforesaid provisions in subs. (2) to (6) of sec. 56.08, Stats., were enacted. And as the provisions in said subs. (2) to (6) are specifically made applicable solely to convicted persons

sentenced either to jail or a house of correction, who have been regularly employed, the duty of the sheriff or the superintendent, in relation to prisoners in that class was evidently intended to be, as is specifically provided in said subs. (2) to (6) of sec. 56.08, Stats. 1947. The special provisions therein in relation to the duty of said officials to said class of convicted persons in the respect under consideration are controlling over the general provision in sec. 56.19, Stats. 1947 (enacted by ch. 366, Laws of 1947), and must be considered to constitute an exception to said general provision. *Fox v. Milwaukee Mechanics' Ins. Co.* 210 Wis. 213, 216, 246 N. W. 511; *Wisconsin Gas & E. Co. v. Fort Atkinson,* 193 Wis. 232, 241, 213 N. W. 873.

*By the Court.*—It is adjudged that the petitioners being sentenced to imprisonment in the house of correction without specification, they are committed to hard labor under sec. 56.08, Stats., and that section, and particularly sub. (2) of that section, is applicable. Let a writ of *mandamus* issue accordingly.