**Edgar Liston SEWARD, Petitioner,**
v.
**Robert A. HEINZE, Warden, Respondent.**
**Misc. No. 807.**

United States Court of Appeals
Ninth Circuit.
Dec. 12, 1958.

Edgar Liston Seward, petitioner, in pro. per.

POPE, Circuit Judge.

Seward addressed an application for a certificate of probable cause to Judge Stephens, Chief Judge of this Court, and that application has been assigned to me for consideration and action.

Petitioner has not furnished with that application the record of his proceedings in the district court but I am proceeding to consider his application upon the basis of what he alleges in the petition as presented here. From that it appears that petitioner was convicted of burglary and violation of the Deadly Weapons Act of California, West's Ann.Pen.Code, § 12000 et seq. in a California court and sentenced to a term in the California State Prison. During his service under that sentence he was tried and convicted of burglary and escape in San Joaquin County, California, and sentenced to further terms of imprisonment to run consecutively and concurrently with prior terms. He was transferred to the State Prison at Folsom, again returned to a State court where he was again convicted of grand theft in Los Angeles County and sentenced, the term to run concurrently with prior terms. In May, 1952, petitioner was released on parole. The following month he was arrested and charged with violation of the dangerous weapons control law and other felonies, but was not indicted or prosecuted under those charges. He was released to the FBI agents, arraigned before a United States Commissioner on a charge of violation of the Dyer Act, and held to answer and thereafter tried in the United States District Court for the Southern District of California and sentenced to a term of four years imprisonment in a United States Penitentiary. In the meantime, the State California Authority had revoked petitioner's parole and ordered him to return to the California State Prison. He was removed to the United States Penitentiary at McNeil Island, Washington. He alleges that no warrant or detainer was placed against him by the authority of the State of California "but merely a request that they wanted thirty (30) days' notice before petitioner's scheduled date of release from the United States Penitentiary." Petitioner finished service of his sentence at the federal penitentiary. He was taken by an agent of the California Department of Corrections and reimprisoned in the Folsom State Prison as a parole offender.

Petitioner's claims are first, that when the State of California permitted the

**44**

United States authorities to take petitioner to McNeil Penitentiary in the State of Washington, it waived jurisdiction or any right further to imprison him for an unexpired term of imprisonment; and second, that the petitioner was never served with any Governor's warrant or extradition request when he was moved from the State of Washington back to the State of California and there reimprisoned as a parole violator.

Petitioner alleges that he has exhausted state remedies; that he sought certiorari from the United States Supreme Court to be directed to the California Supreme Court; and that "the federal issue" was presented in all petitions to the State Supreme Court and that they were denied in June, 1958. It was following that he attempted an application for habeas corpus in the United States District Court for the Northern District of California, Northern Division.

 The application before me presents no federal question and is devoid of any allegation showing that the attempted appeal would be anything other than a frivolous one not prosecuted in good faith. Whether the State of California's permitting petitioner's removal to McNeil Island was a waiver of the State's right to insist upon the completion of petitioner's numerous sentences is a question of state law. United States ex rel. Hunke v. Ragen, 7 Cir., 158 F.2d 644. Since petitioner says he presented all these questions to the highest court of California and that his application has been denied, this means that the California court has necessarily decided this question of state law adverse to the petitioner. This court cannot review such a determination.

██ As for petitioner's complaint that a Governor's warrant or request for extradition was not issued or served, it is plain that such procedure is not indispensable for the lawful return of petitioner to California in view of the fact that a valid compact exists between Washington and California under which both states have enacted the Uniform Act For Out-Of-State Parole Supervision. See

Ex parte Tenner, 20 Cal.2d 670, 128 P.2d 338, and Title 4 U.S.C. § 111; Cal.Pen. Code, § 11175 et seq., Rev.Codes of Wash. § 9.95.270.

██ If petitioner were being held for trial, it would make "no difference by what means, rightful or wrongful, his body was brought into court," Strand v. Schmittroth, 9 Cir., 251 F.2d 590, 600. A fortiori it makes no difference how this parole violator got back into the penitentiary where he belongs.

The application for certificate of probable cause is denied.