Robert E. MARTIN, Plaintiff,

v.

UNITED STATES BOARD OF PAROLE et al., Defendants.

Civ. A. No. 1872–61.

United States District Court District of Columbia.

Dec. 4, 1961.

Jo. V. Morgan, Jr., Washington, D. C., for plaintiff.

Howard Glickstein, Department of Justice, Washington, D. C., for defendants.

HOLTZOFF, District Judge.

These are cross-motions for summary judgment in an action by a Federal prisoner, whose parole has been revoked, against the United States Board of Parole, to set aside the revocation of his parole.

■ In opposition to the defendants' motion for summary judgment and in support of his cross-motion, counsel for the plaintiff urges that the plaintiff was entitled to have counsel assigned to him to represent him at a parole hearing to be held at the Leavenworth Penitentiary. This contention is overruled. It is true that if counsel appears in behalf of a defendant charged before the Parole Board with a violation of parole, such counsel should be heard. This has been the law in the District of Columbia since the decision in Fleming v. Tate,[1] and but recently the Court of Appeals of this jurisdiction also extended it to the Federal Parole Board.[2] A few weeks ago it was held that if the defendant has witnesses who are willing to come and testify voluntarily, such witnesses should also be heard.[3] There is no reason why the Parole Board should decline to hear either counsel or voluntary witnesses if they appear of their own motion.

■ The subject of assignment of counsel is an entirely different matter. The right of counsel under the Sixth Amendment does not apply to parole hearings; it applies only to trials in court. This was recognized by the framers of the Federal Rules of Criminal Procedure because Rule 44, 18 U.S. C.A., expressly provides that if the defendant appears in court without counsel, the Court shall advise him of his right to counsel and assign counsel to represent him at every stage of the proceeding unless he elects to proceed without counsel or is able to obtain counsel.

The Notes of the Advisory Committee on the Rules of Criminal Procedure contain the following statement as to this Rule:

"The rule is intended to indicate that the right of the defendant to have counsel assigned by the court relates only to proceedings in court."

■■ It must be borne in mind in this connection that there is no constitutional right to a hearing before the Parole Board on the question of revocation of parole. The only reason such a right exists is because it is prescribed by statute. The Supreme Court, in an opinion by Mr. Justice Cardozo, many years ago, in the Escoe case,[4] held that the hearing prescribed by statute in connection with a revocation of probation, need not be a formal trial. It may be just a summary hearing, merely an opportunity to the defendant to make such explanation as he desires to present; and that has also been construed as meaning that he can be accompanied by counsel of his own choice and by witnesses.

■ Consequently, the plaintiff is not entitled to have counsel assigned to him at a new hearing before the Parole Board if he chooses to take advantage of an opportunity that is being extended to him for a new hearing.

I may add that as a practical matter it is not feasible to assign counsel in these matters. Most Federal penitentiaries, except perhaps Atlanta and Alcatraz, are located away from large centers of population. Very few lawyers would be available for assignment, and if it were necessary to assign counsel for those hearings the burden on the local bar, which is invariably small, would be intolerable.

■ The plaintiff has been offered an opportunity for another hearing at which he can be heard and at which he

---

1. 81 U.S.App.D.C. 205, 156 F.2d 848, affirming In re Tate, D.C., 63 F.Supp. 961.

2. Glenn v. Reed, D.C., 289 F.2d 462.

3. Reed v. Butterworth, (Ct.App.D.C.) 297 F.2d 776, decided November 9, 1961.

4. Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566.

can be represented by counsel of his own choosing, if he has one, and at which he can also arrange for the attendance of witnesses who are willing to come voluntarily, because the Board of Parole has no subpoena power. He has formally declined such a hearing.

Under the circumstances, the Court will grant the defendant's motion for summary judgment and deny the plaintiff's motion.