171 So.2d 261

**Ex parte Edward Herbert BICE.**

**3 Div. 171.**

Court of Appeals of Alabama.

June 30, 1964.

Application Dismissed Oct. 6, 1964.

548

Edward Herbert Bice, pro se.

Richmond M. Flowers, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for the State.

CATES, Judge.

This is an original proceeding asking that we "take whatever action [is] necessary to set the record straight."

The prayer in the application relates to the denial of relief by way of habeas corpus in the Circuit Court of Montgomery County. The petitioner states that he gave notice of appeal. The Attorney General, saying in effect that this notice was given irregularly in that it was taken by way of a letter written to the judge instead of being addressed to the circuit court, moves to strike the application.

The petitioner, while on parole from the Alabama penitentiary, left the State without permission, was arrested in Florida, convicted, and sentenced to 300 days in the Dade County jail. The allegations are not clear as to what steps the State of Alabama took thereafter, though, it seems to be implied that the petitioner was not brought back by Alabama officers.

Two years after release from the Florida sentence, in consequence of petitioner's having been arrested on another charge in Birmingham, he was returned to Kilby Prison. Presumably, this return was ratified by order of a parole court, Code 1940, T. 42, § 12, requiring him to serve the remainder of the sentence on which he had been paroled. The record is not clear as to what disposition was made of the charge of the subsequent offense which led to his arrest in Birmingham.

Under the Fourteenth Amendment to the Constitution of the United States, it would seem that the parole authorities of a state may not, conformably with due process, dangle a suspended sentence, like the sword of Damocles, over a man's head to

be let fall upon a mere whim or caprice. There is substantial authority that the waiver of a *clear cut* right to revoke a parole which is based on the mere disinclination to go to another state to extradite the man is this form of arbitrary action. United States ex rel. Howard v. Ragen, D.C., 59 F.Supp. 374; Greene v. Michigan Dept. of Corrections, 6 Cir., 315 F.2d 546; Colin v. Bannon, 337 Mich. 491, 60 N.W.2d 431.

Consideration of § 30 of the Alabama Constitution forbidding exile is not appropriate. See Anno. 60 A.L.R. 1410, at 1415. Here Bice banished himself.

 We are not prepared, on the basis of the application before us, to say that the Pardon and Parole Board of Alabama, in neglecting to bring Bice back from Florida upon a clear cut violation of the terms of his parole, waives this right to declare him delinquent. There is no allegation that the board knew that Bice would be unconditionally released by the Dade County, Florida, authorities. See In re Cammarata's Petition, 341 Mich. 528, 67 N.W.2d 677.

Also, we are not advised that even if the board did know that Bice was about to be discharged unconditionally from the Dade County jail, the running of "live time" against Bice's then unexpired Alabama sentence would now entitle him to freedom because the term would have run. Colin v. Bannon, supra.

 But, at all events, we consider that the State's motion to strike is not well taken. The State, unless there is further pleading, should advise the court as to whether or not the petitioner's habeas corpus action in the Montgomery Circuit Court is to be brought up here by way of appeal and processed in accordance with Acts 525 and 526, approved September 16, 1963, Laws 1963, pp. 1129, 1136, or whether the instant petition should be dismissed without prejudice to the petitioner's filing a subsequent application for the writ in the Montgomery Circuit court.

Motion to strike is denied and respondent given ten days to plead further.

PRICE, Presiding Judge (dissenting).

In view of the petitioner's right to file a subsequent application in the Montgomery Circuit Court, I would grant the State's motion, and dismiss the petition without prejudice.

Extension of Opinion

CATES, Judge.

 On July 10, 1964, the State answered Bice's application stating that Bice had taken no further steps either to make the jurisdictional claim of poverty under Act No. 525, Laws 1963, p. 1129, September 16, 1963, or under Code 1940, T. 15, § 369.

Moreover, it has been suggested that Bice has escaped and fled the State.

The application is

Dismissed.