419 P.2d 253

**Fred W. ROBINSON, Petitioner,**

**v.**

**Harold A. COX, Warden of the New Mexico State Penitentiary, Respondent.**

**No. 8237.**

Supreme Court of New Mexico.

Oct. 17, 1966.

E. T. Johnson, Santa Fe, for petitioner.

Boston E. Witt, Atty. Gen., Paul J. Lacy, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

NOBLE, Justice.

Petitioner, Fred W. Robinson, was convicted of robbery and sentenced to imprisonment in the state penitentiary. Pursuant to § 41–17–24.1, N.M.S.A.1953, he was paroled to a detainer to serve another sentence in Tennessee. Thereafter, the Tennessee penal farm, by letter, advised the warden of the New Mexico State Penitentiary of petitioner's escape from the Tennessee custody. A warrant was then issued for petitioner's arrest under authority of § 41–17–28(B), N.M.S.A.1953. He was apprehended in the State of Texas, returned to New Mexico, and his parole revoked by the State Board of Probation and Parole, following a hearing on violation of the terms of his parole. He filed an original petition for habeas corpus in the Supreme Court, contending that his imprisonment was unlawful for the reasons that: (1) He was neither furnished nor advised of his right to be represented by counsel at the hearing for parole revocation; and (2) there was no substantial support in the evidence of a violation of any condition of his parole.

The issue of the right to representation by counsel at the parole board hearing presents two questions: (1) Is there a constitutional right to counsel; and (2) if not, does the New Mexico Statute require either appointment of counsel or the right to employ counsel for such a hearing? Both questions are answered in the negative.

Mr. Justice Cardozo made it clear in Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566, that a prisoner on probation has no constitutional right to a hearing prior to its revocation, and any such right depends entirely upon the existence of a statutory provision. The courts generally have rejected the contention that due process requires that indigent parolees be provided with appointed counsel when they appear before the parole board in revocation proceedings. The federal decisions were extensively reviewed in Jones v. Rivers, 338 F.2d 862 (4th Cir.), as recently as November, 1964. That court said:

> "Certainly, a Board of Parole is not a judicial body. It has no right, statutory or otherwise, to appoint an attorney to

represent a parolee at a revocation hearing and we reject the thought or suggestion that the Board should ever be clothed with any such power or authority. Nor should any court be empowered to require one of its attorney officers to undertake such representation before this administrative agency. * * *"

See, also, Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225 (1963).

Thus, petitioner's right to counsel must arise, if at all, from the New Mexico Probation and Parole Act, Ch. 232, Laws 1955 (§§ 41–17–1 to 41–17–36, incl., N.M.S.A. 1953). Section 41–17–28(C), N.M.S.A. 1953, requires that parolees accused of parole violation be brought before the board for "a parole revocation hearing on the parole violation charged, under rules and regulations the board may adopt." Arguing that the statute requiring a "hearing on the parole violation charged" implies a right to an *effective* appearance before the board, the petitioner asserts this necessarily contemplates at least the right to be represented by employed counsel.

■ Section 41–17–27, N.M.S.A.1953, however, makes it clear that the legislature not only did not intend to require the appointment of counsel to represent an indigent parolee but, to the contrary, expressly provided that the board need not permit any counsel to appear before it. The pertinent portion of the statute reads: "The

board shall not be required to hear oral statements or arguments by attorneys or other persons not connected with the correctional system." Certainly, if we were to construe § 41–17–28, supra, as a grant of right to counsel only to those who can pay, substantial constitutional questions would arise. Nor can we agree with petitioner's contention that this statutory provision was intended to apply only to original requests for parole and not to revocation hearings. Statutes affording one accused of parole violation a right to appear before the board have been interpreted by many courts. In Washington v. Hagan, 287 F.2d 332 (3d Cir. 1960), it was held that the "opportunity to appear" did not embrace the right to assistance of counsel. The Third Circuit considered an appeal based upon the sole ground that the habeas corpus petitioner, as here, did not have counsel and was not advised of his right to counsel at a parole revocation hearing. That court held that the parolee was not entitled to counsel at such a hearing. After pointing out that it had been the practice for more than fifty years to allow a prisoner a hearing but not representation by counsel, the court said:

"* * * We think the practice is right because this matter of whether a prisoner is a good risk for release on parole or has shown himself not to be a good risk, is a disciplinary matter which by its very nature should be left in the

hands of those charged with the responsibility for deciding the question. * * * "

See, also, Gibson v. Markley, 205 F.Supp. 742 (S.D.Ind.1962); Hock v. Hagan, 190 F.Supp. 749 (M.D.Pa.1960); Martin v. United States Board of Parole, 199 F. Supp. 542 (D.D.C.1961).

■ Ex parte Lucero, 23 N.M. 433, 168 P. 713, L.R.A.1918C, 549, and Blea v. Cox, 75 N.M. 265, 403 P.2d 701, involving the revocation of a suspended sentence, relied upon by petitioner, are distinguishable and neither controlling nor persuasive under the facts here present. The reasons are clear. A release on parole is an act of clemency or grace resting entirely within the discretion of the parole board. One who is paroled is not thereby released from custody but is merely permitted to serve a portion of his sentence outside the walls of the penitentiary, under such conditions' as the board may impose and during the pleasure of the board. Owens v. Swope, 60 N.M. 71, 287 P.2d 605. A paroled prisoner is not discharged from the custody of the prison authorities, but is at all times under the complete custody and control, and subject to the orders of the parole board, Sec. 41–17–24, N.M.S.A.1953; whereas, in the case of a suspension of sentence, the person has never commenced service of the sentence and has, therefore, the right of personal liberty. He is not in custody as is a parolee.

■ We reject the contention that a right to counsel at a revocation hearing springs from the due process requirements. In so doing, we must reject the argument that either the board's rules or § 41–17–27, supra, are unconstitutional as thus construed. Escoe v. Zerbst, supra; Jones v. Rivers, supra. We hold that neither due process nor the applicable statutes require that parolees be provided with appointed counsel or represented by employed counsel when they appear before the parole board in a revocation hearing. See 29 A.L.R.2d 1074, 1097.

■ We turn next to petitioner's assertion that the only evidence before the parole board was the letter from the Tennessee penal farm advising of petitioner's escape from the Tennessee custody. This, he contends, was so wholly unreliable in character that it could not form the basis of a determination of a parole violation. Strict observance of technical rules of law and procedure accorded in a judicial proceeding are not required in such a hearing before an administrative body. The consideration by the board of hearsay evidence docs not invalidate the action taken. Yarborough v. Montoya, 54 N.M. 91, 214 P.2d 769; Christianson v. Zerbst, 89 F.2d 40 (10th Cir. 1937); United States ex rel. Rakics v. Uhl, 266 F. 646 (2d Cir. 1920); Morrell v. Baker, 270 F. 577 (2d Cir. 1920); Chin Shee v. White, 273 F. 801

**60**

(9th Cir. 1921); United States ex rel. Ross v. Wallis, 279 F. 401 (2d Cir. 1922).

In Escoe v. Zerbst, supra, the United States Supreme Court said:

" * * * Clearly the end and aim of an appearance before the court must be to enable an accused probationer to explain away the accusation. * * * This does not mean that he may insist upon a trial in any strict or formal sense. * * *"

 Hyser v. Reed, supra, after pointing to the distinguishing features and closely allied underlying purposes of probation and parole, said that the power to grant parole and to revoke it is exercised pursuant to explicit statutory authority, and that power is exercised by a person or persons experienced in sifting, weighing and evaluating the factors involved in the grant or revocation of conditional freedom. And the court, in Washington v. Hagan, supra, said that the real problem before the parole board is one of rehabilitation, remarking: " * * * The progress of that attempt must be measured, not by legal rules, but by the judgment of those who make it their professional business. * * *" Thus, a parole revocation hearing, by virtue of its very nature, cannot be restricted to legal evidence derived from examinations and cross-examinations of witnesses in open hearing. Any information of probative value, even though it may be in the form of letters, reports of probation officers and

similar matter, which can help the board in making its determination may properly be considered. Compare Yarborough v. Montoya, supra. The hearing may be summary in nature. Due process does not require a different result. See Escoe v. Zerbst, supra, and the excellent discussion of the problem in Hyser v. Reed, supra, and in Hendrickson v. Pennsylvania State Board of Parole, 409 Pa. 204, 185 A.2d 581, which we shall not repeat. See, also, Williams v. People of State of New York, 337 U.S. 241, 250, 69 S.Ct. 1079, 93 L.Ed. 1337, and Williams v. State of Oklahoma, 358 U. S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516; Johnson v. Walls, 185 Ga. 177, 194 S.E. 380; Ex parte Patterson, 94 Kan. 439, 146 P. 1009, L.R.A.1915F 541; Mahan v. Buchanan, 310 Ky. 832, 221 S.W.2d 945; Gulley v. Apple, 213 Ark. 350, 210 S.W.2d 514. Petitioner's corollary argument that the evidence is insufficient to support a determination of parole violation is not persuasive. It is apparent that since this petitioner was paroled to a Tennessee detainer to serve a sentence in that state concurrently with service of the New Mexico sentence, his arrest in Texas is evidence that supports the Tennessee penal farm letter advising of his escape, assuming, without deciding, support for the letter was required. We find nothing in either the record or testimony before us to indicate that the parole board acted other than properly in revoking petitioner's parole.

It follows that the writ of habeas corpus heretofore issued should be discharged and the petitioner remanded to the custody of the warden of the New Mexico State Penitentiary.

It is so ordered.

CARMODY, C. J., and CHAVEZ, MOISE and COMPTON, JJ., concur.