Peter Dwight Wellesley CHAPMAN, also known as Peter Burton Cronin, Petitioner-Appellant,

v.

STATE OF CALIFORNIA et al., Respondents-Appellees.

No. 24237.

United States Court of Appeals, Ninth Circuit.

March 24, 1970.

Rehearing Denied April 15, 1970.

---

Peter D. W. Chapman, in pro. per.

Joyce F. Nedde, Deputy Atty. Gen., Derald E. Granberg, Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., State of Cal., San Francisco, Cal., for appellees.

Before MADDEN,* Judge of the United States Court of Claims, and HAMLEY and BROWNING, Circuit Judges.

PER CURIAM:

This is an appeal from denial without hearing of a petition for habeas corpus filed by a California prisoner.

In 1965 petitioner was convicted by California courts of forgery and escape. In May 1967 he was paroled under the usual conditions plus the special condition that he "go to hold" by the United States Immigration and Naturalization Service; he was then deported to Canada. Several days later he reentered the United States illegally. On December 15, 1967, his parole on the 1965 convictions was revoked.

■■ Petitioner contends that California could not revoke his parole because it lost jurisdiction over him when it turned him over to I & NS for deportation. Whether the State waived jurisdiction is a question of state law, Seward v. Heinze, 262 F.2d 42 (9th Cir. 1958), and the California rule is: "[A] waiver of jurisdiction should be found only in those cases in which the record contains affirmative evidence that the waiver was intentional." In re Patterson, 64 Cal.2d 357, 361–362, 49 Cal.Rptr. 801, 804, 411 P.2d 897, 900 (1966).

■ The State argues that the fact that petitioner's parole had all the normal conditions attached to it indicates that no waiver was intended. Petitioner, on the other hand, argues that since he could not perform the normal duties of a parolee in Canada, e. g., report to a parole officer, the deportation must have been intended as a waiver.

We conclude that it is reasonable to assume that California intended that petitioner should be subject to the conditions of his parole if he reentered California during the parole period, and therefore no waiver should be found.

 Petitioner also contends that the district court erred in denying him an evidentiary hearing. No hearing is necessary; accepting petitioner's factual allegations as true, he is entitled to no relief as a matter of law. Wright v. Dickson, 336 F.2d 878 (9th Cir. 1964).

Affirmed.

---

* Honorable J. Warren Madden, Judge of the United States Court of Claims, sitting by designation.