**Eugene McCOWAN, Petitioner-Appellant,**

v.

**Louis S. NELSON, Warden, Respondent-Appellee.**

No. 24480.

United States Court of Appeals,
Ninth Circuit.

Dec. 21, 1970.

Eugene McCowan (argued), pro se.

Thomas C. Lynch (argued), Atty. Gen. of Cal., Derald E. Granberg, Joyce F. Nedde, Deputy Attys. Gen., San Francisco, Cal., for appellee

Before BROWNING and DUNIWAY, Circuit Judges, and THOMPSON*, District Judge.

PER CURIAM:

Petitioner, a California prisoner, filed a petition for habeas corpus in federal district court after being denied relief by courts of the state. The district court issued an order to show cause, the state filed a response, petitioner a traverse. The district court dismissed the proceeding on the pleadings and petitioner appealed.

The pleadings disclosed the following uncontradicted facts.

Petitioner was convicted of second-degree burglary in December 1961. In October 1963 the California Adult Authority fixed his term at four and one-half years, two and one-half in prison and two on parole. Petitioner was paroled on June 12, 1964, with a tentative discharge date of June 12, 1966. The California Adult Authority authorized petitioner to reside in Arizona, and transferred supervision of his parole to Arizona authorities pursuant to the Uniform Act for Out-of-State Probationer or Parolee Supervision, Calif. Penal Code §§ 11175–11179. On May 27, 1965, the California Adult Authority suspended petitioner's parole and ordered him returned to prison on the basis of a report from Arizona authorities that he had violated the conditions of his parole. On May 5, 1966, the California Adult Authority issued a second order "cancelling" petitioner's parole and again ordering his return to prison. Both orders refixed petitioner's sentence at the statutory maximum pursuant to California Adult Authority Resolution No. 171. Petitioner was not taken into custody, however, and remained in Arizona. On May 17, 1966, he was arrested on a rape charge which was later dismissed. In June 1967 he was extradited to California as a parole violator. In August 1967 the California Adult Authority revoked his parole after hearing.

Petitioner argues that the May 5, 1966, cancellation of his parole was based on the rape charge; and that since the rape charge was dismissed the cancellation was without probable cause and did not stop the running of his sentence as originally fixed, which was therefore completed before he was extradited. As we have noted, however, petitioner's parole was suspended on other grounds on May 27, 1965, and his sentence was then refixed at the maximum. It follows that petitioner's sentence had not expired when he was extradited.

Petitioner argues that California lost jurisdiction to suspend his parole or refix his sentence when it consented to his departure from the state and transferred supervision of his parole to Arizona authorities. It is clear from the undisputed facts, as well as from the provisions of the California Act authorizing California to apprehend and retake petitioner in Arizona (Calif. Penal Code § 11177(3)), that California did not intend wholly to relinquish jurisdiction over petitioner. See Chapman v. California, 423 F.2d 682 (9thCir.1970). Petitioner's argument that under a proper construction of the California statutes, the California Adult Authority was authorized only to retake petitioner and return him to California, and was not authorized to suspend his parole or refix his sentence while he was out-of-state and subject to supervision by Arizona parole authorities, raises questions of state law only (see Snowden v. Hughes, 321 U.S. 1, 11, 64 S.Ct. 397, 88 L.Ed. 497 (1944)), and not issues under the United States Constitution cognizable in federal habeas corpus.

Petitioner complains that the California Adult Authority acted unlawfully in failing to take him into custody and return him to prison for over two years after suspending his parole on May 27, 1965. At the very least, he argues, the

* Honorable Bruce R. Thompson, Judge of the United States District Court for the District of Nevada, sitting by designation.

state should credit this time against his sentence.

■ There is language in In re Patton, 225 Cal.App.2d 83, 36 Cal.Rptr. 864 (D.C.A.Calif.1964), strongly suggesting that it was the duty of the Adult Authority to promptly execute its order that petitioner be returned to prison; and In re Fluery, 63 Cal.Rptr. 298, 432 P.2d 986 (1967), appears to hold that he was entitled to credit at least for time spent in an Arizona jail awaiting extradition on the Adult Authority's order. See 4 Calif.W.L.Rev. 18, 25 (1968).[1] But these again are questions of state law, not within the competence of a federal habeas corpus court. See Seward v. Heinze, 262 F.2d 42 (9thCir.1958); In re Costello, 262 F.2d 214 (9thCir.1958).[2]

■ There is substantial authority for the position that due process requires reasonable diligence in the issuance and execution of a warrant for arrest for an alleged parole violation. Boswell v. United States Board of Parole, 388 F.2d 567, 571, 573–574 (D.C. Cir.1967); Greene v. Michigan Department of Corrections, 315 F.2d 546, 547 (6thCir.1963); Agresti v. Parker, 285 F.Supp. 893 (M.D.Pa.1968); Robinson v. Sartwell, 264 F.Supp. 531 (E.D.Mich. 1967); Rossello v. U. S. Board of Parole, 261 F.Supp. 308 (M.D.Pa.1966); United States v. Kenton, 252 F.Supp. 344 (D.C.Conn.1966); United States ex rel. Howard v. Ragen, 59 F.Supp. 374 (N.D.Ill.1945); Colin v. Bannon, 337 Mich. 491, 60 N.W.2d 431 (S.Ct.Mich. 1953); Ex parte Bice, 42 Ala.App. 547, 171 So.2d 261 (C.A.Ala.1964). See also United States v. Gernie, 228 F.Supp. 329 (S.D.N.Y. 1964); Conston v. New Mexico State Board of Probation and Parole, 79 N.M. 385, 444 P.2d 296 (1968).[3]

■ On the undisputed facts, however, petitioner was not entitled to relief on this ground. As petitioner pointed out in his traverse, he "was in and out of the Phoenix jail during a two-year period and the Parole Agent was aware of this fact." The local charges against petitioner included a group of fourteen traffic charges on which he was arrested in November 1965,[4] and two charges of rape on which he was arrested in May 1966 and January 1967. As the Uniform Act for Out-of-State Probationer or Parolee Supervision recognizes, California was powerless to retake petitioner until these Arizona charges were disposed of. Calif. Penal Code § 11177(3). Furthermore, petitioner concedes that beginning in June 1966 California vigorously pursued efforts to obtain his return to California, albeit by extradition rather than the informal procedures authorized by the Uniform Act.[5] The remaining periods of appar-

1. Petitioner tendered a document to this court which tends to show that the California Adult Authority grants credit to parolees who serve time in California jails because of an order of the Adult Authority, but not to those who, like petitioner, serve time for this reason in the jail of another state. It does not appear that petitioner submitted the equal protection problem suggested by this variance to the state courts.

2. An interesting and unusual question of state law is presented by petitioner's assertion that he was not given notice of the suspension of his parole in May 1965, and that he continued to report to his Arizona parole officer, and the latter continued to exercise supervision over his compliance with the conditions of his parole, until May 1966. Whether under California law petitioner would be entitled to credit on his sentence for time spent in this "de facto" parole status does not appear to have been clearly presented by petitioner to the state courts.

3. But see Jacobs v. Crouse, 349 F.2d 857 (10th Cir. 1965); Greene v. Michigan Dep't of Corrections, 339 F.2d 139, 142 (6th Cir. 1964); United States ex rel. Meiner v. Ragen, 199 F.2d 798, 800 (7th Cir. 1952).

4. This arrest revealed an additional violation relied upon to support the May 5, 1966, "cancellation" of petitioner's parole, namely, that petitioner had operated a motor vehicle without permission of his parole agent.

5. Seward v. Heinze also sustains respondent's contention that California's custody

ent inactivity by the California authorities are not so extended as to violate due process per se, and petitioner has not alleged that they prejudiced him in the hearing which resulted in revocation of his parole.

Since on the undisputed facts it appeared as a matter of law that petitioner was not entitled to relief, an evidentiary hearing was not required. Wright v. Dickson, 336 F.2d 878 (9thCir.1964).

Affirmed.

of petitioner is not rendered unlawful by the fact that he was returned from Arizona by extradition rather than by the informal procedures authorized by the

Uniform Act, Calif.Penal Code § 11177(3). See Seward v. Heinze, 262 F.2d 42 (9th Cir. 1958).