JUSTICE WARNER
dissents.
¶12 I disagree with the Court’s holding as it is fundamentally unfair and violates Jenkins’ constitutional right to due process. The Darby City Court has refused to execute or quash its warrant for Jenkins. As a result, the outstanding warrant renders him ineligible for parole or community correctional programs.
¶13 The Court states in its Opinion that Jenkins has not shown that the Darby City Court is under any legal obligation to quash an otherwise valid warrant. I disagree.
¶14 I note that Jenkins is acting pro se in this matter and we will give pro se litigants reasonable latitude and flexibility in presenting their cases. Jenkins clearly asserts in his District Court brief that the City Court has denied him his due process rights. Indeed, there is substantial authority for the position that due process requires “reasonable diligence” in the issuance and execution of a warrant for arrest. See State v. Longhorn, 2002 MT 135, ¶ 28, 310 Mont. 172, ¶ 28, 49 P.3d 48, ¶ 28 (quotingDoggett v. U.S. (1992), 505 U.S. 647, 656, 112 S.Ct. 2686, 2693, 120 L.Ed.2d 520, 531); accord McCowan v. Nelson (9th Cir. 1970), 436 F.2d 758, 760; Shelton v. U.S. Bd. Of Parole (D.C.Cir. 1967); 388 F.2d 567, 574; Greene v. Michigan Dept. of Corrections (6th Cir. 1963), 315 F.2d 546, 548 (failure of authorities to proceed with reasonable diligence to execute a warrant for arrest after a parole violation may result in waiver of violation and loss of jurisdiction if authorities had either actual or constructive notice of parolee’s whereabouts).
¶15 The City Court has a duty to exercise reasonable diligence in the execution of its arrest warrant, yet it refuses to do so. Jenkins’ whereabouts is certainly no secret as he is currently incarcerated at the Crossroads Correctional Center. Due process requires that the City Court proceed to execute its warrant and order that he be brought *38 before the court to answer for his contempt of court.[1] If the City Court refuses to execute the warrant, then it must quash it. In any case, the City Court cannot be allowed to sit on the warrant, taking no further action, for the collateral purpose of keeping Jenkins in prison.
¶16 Even though the Court is correct in concluding that a writ of certiorari is improper here, the Court ignores Jenkins’ argument that we should exercise supervisory control. This Court exercises supervisory control in appropriate cases pursuant to the authority granted in Article VII, § 2(2) of the Montana Constitution, and Rule 17(a), M.R.App.P. The use of this power is appropriate where the district court is proceeding based on a mistake of law which, if uncorrected, would cause a significant injustice. Inter-Fluve v. Montana Eighteenth Judicial Dist. Court, 2005 MT 103, ¶ 17, 327 Mont. 14, ¶ 17, 112 P.3d 258, ¶ 17. A due process violation surely constitutes a significant injustice.
¶17 I would issue the writ, reverse the District Court, and remand to the City Court with instructions to execute its warrant for Jenkins or to quash it, as is constitutionally required.

 A court has the authority to execute an arrest warrant when the defendant is currently housed in a state correctional facility. See section 46-6-215, MCA (execution of a search warrant); section 46-6-210, MCA (arrest by peace officer); section 46-17-401, MCA (except as provided in Titles 3 and 6, the proceedings and practices in a municipal court shall be the same as in a district court); section 3-1-515, MCA (arrest and detention by sheriff); section 3-11-303(2), MCA (application to city court).